**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 14-0612 |
| NICHOLAS VENE, | MEMORANDUM OPINION |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

Pending before the Court is Defendant Nicholas Vene's motion for early termination of probation. (D.E. No. 12). On October 20, 2014, Vene pled guilty to conspiracy to commit mail fraud in violation of 18 U.S.C. § 1341. (*See* D.E. Nos. 1-7). On January 29, 2015, this Court sentenced Vene to five years' probation, 500 hours of community service, a fine of $20,000, and restitution in the amount of $100,000. (*See* D.E. No. 8). Vene now moves this Court to terminate his probation early, pursuant to 18 U.S.C. 3563(c). (D.E. No. 12-1 ("Def. Br.")). The United States Probation Office supports Vene's motion. (*See* October 27, 2017 Letter). For the reasons below, the Court GRANTS Vene's motion and terminates his probation.

***Background.*** Vene, having been sentenced on January 29, 2015 (*see* D.E. No. 8), has completed more than two and a half years of his term of probation and more than 500 hours of community service, fully paid restitution in the amount of $100,000, and fully paid the fine of $20,000. (*See* Def. Br. 1-2). Furthermore, Vene has fully complied with the conditions of his probation. (*See id.* at 2). Having served more than half of his probationary sentence, Vene moves the Court to terminate his term of probation early.

1

***Legal Standard.*** 18 U.S.C. § 3564(c) provides that, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," this Court

> may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

The factors in 18 U.S.C. § 3553(a) are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with correctional treatment; (3) "the kinds of sentences available"; (4) "the kinds of sentence and the sentencing range established" for defendants with similar characteristics under the applicable Sentencing Commission guidelines and policy statements; (5) any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense."

***Discussion.*** The Court will grant Vene's motion. The Court is satisfied that early termination of Vene's probation is warranted by his conduct and is in the interest of justice. Vene has demonstrated conduct showing good character and substantial contributions to the community. Namely, upon completing the mandated 500 hours of community service, Vene continues to volunteer at Covenant House. (Def. Br. at 3). Indeed, Vene serves on the board of Covenant House, provides employment opportunities to homeless and trafficked youth, and mentors many young men in the Covenant House community. (*See id.*). Vene also maintains full-time

employment, has satisfied the fine of $20,000 and restitution in the amount of $100,000, and has complied with all other conditions of his probation. (*See id*. at 5). Moreover, Vene has served approximately 32 months of his 60-month term of probation and presents no risk to society or risk of recidivism. The United States Probation Office agrees, as evidenced by the fact that on November 3, 2016, Vene's supervision was transferred to an administrative caseload for low-risk offenders. (*See* October 27, 2017 Letter at 1). And, in its submission to this Court, the Probation Office recommends granting Vene's motion: "[i]n reviewing the offender's background and history of supervision, we believe he meets the minimal criteria for early termination." (*Id.* at 2).

***Conclusion.*** Accordingly, the Court will follow the recommendation of the United States Probation Office and grant Vene's motion for early termination of probation. An appropriate Order accompanies this Memorandum Opinion.

*s/ Esther Salas*  
**Esther Salas, U.S.D.J.**